UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MAKOBA ELIAS KERENGE, | ) | CASE NO. 1:05 CV 1643 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

On June 21, 2005, pro se petitioner Makoba Elia Kerenge filed the above captioned Motion for Immediate Removal Hearing in this court against the United States of America. In his Motion before the court, Mr. Kerenge seeks an immediate order of deportation.

*Background*

A Notice to Appear, I.N.S. Form I-862, dated December 8, 2004, was personally served on Mr. Kerenge at the Lorain Correctional Institution in Grafton, Ohio by I.N.S. Immigration Agent Natasha McSeed on December 27, 2004. The Notice advised that petitioner is a citizen of Tanzania who was admitted to the United States on or about August 15, 1997 as a visitor for pleasure. On June 25, 2004 his status was adjusted to a lawful permanent resident under Section 209(b) of the Immigration and Nationality Act (INA).

Mr. Kerenge was convicted of rape, felonious assault and domestic violence in the Stark County Court of Common Pleas on November 17, 2004. The court sentenced him to two three

year terms of imprisonment for the first two counts and six months for the third count, all to be served concurrently. Based on his conviction for an aggravated felony, the I.N.S. advised Mr. Kerenge that he was subject to removal from the United States pursuant to section 237(a)(2)(A)(iii) of the INA.

Mr. Kerenge claims that he did not comprehend the language in the Notice and could not afford the services of an attorney "to, in effect, prosecute the pending action." He now moves the court, through the I.N.S., for a "final adjudication on 'all' issues pertaining to his current status, additionally moves this Court for an immediate ORDER to the Ohio Department of Rehabilitation and Correction . . . to release . . . Makoba Elias Kerenge, into the custody of the Department of Immigration and Naturalization Service, . . . the act of immediate deportation."[1]  (Pet. at 1.)

*Request for Immediate Deportation*

Mr. Kerenge is essentially requesting that the court accelerate his deportation process. He does not cite any basis in law to support his request, or declare a basis for this court's jurisdiction over the matter.

Liberally construing the facts in petitioner's favor, the court notes that 8 U.S.C. §1231 does provide that the Attorney General may remove a deportable alien prior to the expiration of his prison term under certain conditions. See 8 U.S.C. §1231(a)(4)(B). What Mr. Kerenge fails to appreciate, however, is that he has no private right to an order of deportation. The relevant section of the INA provides that "[n]o cause or claim may be asserted under this paragraph against any official

---

[1] The court presumes he is seeking a transfer to the custody of the Department of Homeland Security (D.H.S.) since the I.N.S. ceased to exist, effective March 1, 2003. All I.N.S. functions were transferred to the D.H.S.

2

of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien." 8 U.S.C. § 1231(a)(4)(D). Thus, courts have uniformly held that no alien has an individual right to compel the Attorney General or the INS to deport him. See, e.g., Prieto v. Gluch, 913 F.2d 1159 (6th Cir.1990); Thye v. United States, 109 F.3d 127 (2d Cir.1997) (per curiam ); Hernandez-Avalos v. Immigration & Naturalization Serv., 50 F.3d 842 (10th Cir.1995); Campos v. Immigration & Naturalization Serv., 62 F.3d 311 (9th Cir.1995); Giddings v. Chandler, 979 F.2d 1104 (5th Cir.1992); Aguirre v. Meese, 930 F.2d 1292 (7th Cir.1991) (per curiam ); see also Urbina-Mauricio v. Immigration & Naturalization Serv., 989 F.2d 1085, 1088 (9th Cir.1993).

Based on the foregoing, this court lacks the authority to issue a deportation order. United States v. Quaye, 57 F.3d 447, 449-50 (5th Cir.1995); United States v. Jalilian, 896 F.2d 447 (10th Cir.1990); United States v. Abushaar, 761 F.2d 954, 958-61 (3d Cir.1985); United States v. Hernandez, 588 F.2d 346, 350-52 (2d Cir.1978). Accordingly, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

s/ DAVID A. KATZ 8/11/05

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

3